## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### CASE NO. 3:24-cv-00170-TKW-HTC

JASON KUHN, individually and
on behalf of all others similarly situated,                    **CLASS REPRESENTATION**

      Plaintiff,                              **JURY TRIAL DEMANDED**

v.

NATIONS DIRECT MORTGAGE, LLC,

      Defendant.

_____/

### PLAINTIFF'S MOTION TO REMAND AND
### INCORPORATED MEMORANDUM OF LAW

Plaintiff Jason Kuhn, pursuant to 28 U.S.C. §1447(c), moves to remand this case, which was improperly removed by Defendant Nations Direct Mortgage, LLC, and in support states as follows:

### INTRODUCTION

Defendant removed this action on the basis of jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Among the requirements for removal under CAFA is that the amount in controversy exceeds $5 million. *Id.* § 1332(d)(2). Defendant, as the removing party, bears the burden of proving by a preponderance of the evidence that the $5 million threshold is met. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Defendant has fallen woefully short of meeting that burden by failing to offer any

1

evidence to support its position that the amount in controversy exceeds $5 million. Instead, Defendant claims that Plaintiff "adopted" and "borrowed" from separate complaint filed against Defendant in another court. *See* Notice of Removal, [DE 1], at ¶25.

As discussed below, Defendant cannot satisfy is burden by pointing to vague allegations in another lawsuit. For one, Plaintiff was not even aware of the other lawsuit, and certainly did not "borrow" allegations from the other case. Secondly, Defendant must prove by a preponderance of the evidence that the amount at issue exceeds $5,000,000. Yet Defendant has made no effort to offer a single piece of evidence. For this reason alone, the case should be remanded.

Additionally, the case should be remanded given Defendant's questionable tactic of removing the case only to challenge the Court's Article III jurisdiction. *See* Motion to Dismiss, [DE 5], at 6 – 14. As Defendant should know, remand, not dismissal is required if this Court determines that it lacks jurisdiction over the case. *See Jenkins v. Simply Healthcare Plans, Inc.*, 479 F. Supp. 3d 1282, 1286 (S.D. Fla. 2020) ("With no concrete injury, and thus no standing, Simply Healthcare has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course.") (Altonaga, J.); *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020) ("And, when the Court lacks jurisdiction over a removed case, the case must be remanded.") (Altman, J.) (citing *McGee v. Solicitor Gen. of Richmond Cty.*,

2

*Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) ("Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however, in the removal context.")); *Avedyan v. CMR Constr. & Roofing, LLC*, No. 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149, at *7 (S.D. Fla. Nov. 24, 2020) (Dimitrouleas, J.) (remanding improperly removed case because "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute.") (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)); *Perez v. Pinnacle Fin. Servs.*, No. 1:20-cv-24767-UU, 2021 U.S. Dist. LEXIS 11694 (S.D. Fla. Jan. 19, 2021) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (Ungaro, J.) (quoting 28 U.S.C. § 1447(c)); *Turizo v. Healthfund Sols., LLC*, No. 21-cv-60289, 2021 U.S. Dist. LEXIS 92775 (S.D. Fla. May 14, 2021) ("Where, as here, the Court lacks subject-matter jurisdiction over a case that has been removed from state court, the proper disposition is to remand.") (Altman, J.); *Guerra v. Newport Beach Auto. Grp. LLC*, Civil Action No. 21-20568-Civ, 2021 U.S. Dist. LEXIS 47354 (S.D. Fla. Mar. 12, 2021) ("As the Plaintiff has not suffered an injury in fact and the Court therefore lacks jurisdiction over this matter, the Court directs the Clerk to administratively close this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file

back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County.") (Scola, J.); *Miller v. Kimbrell's of N.C., Inc.*, No. 21-cv-60076-HUCK, 2021 U.S. Dist. LEXIS 37674 (S.D. Fla. Feb. 25, 2021) (remanding case where the parties stipulated that Article III standing was lacking) (Huck, J.); *see also Hooper v. Dig. Media Sols., LLC*, No. 8:21-cv-226-MSS-SPF, 2021 U.S. Dist. LEXIS 48452 (M.D. Fla. Mar. 15, 2021) (remanding case because "Defendant does not appear to dispute that Plaintiff lacks constitutional standing to bring his claim and agrees that the Court lacks subject matter jurisdiction.") (Scriven, J.).

In sum, because of "significant federalism concerns arising in the context of federal removal jurisdiction," removal requirements and limitations are "strictly interpreted and enforced." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). Accordingly, Plaintiff respectfully submits that this case should be remanded due to Defendant's failure to satisfy its burden and challenge to the Court's jurisdiction.

## **BACKGROUND**

Plaintiff commenced this putative class action in state court on March 7, 2024. The case stems from Defendant's failure to properly secure Plaintiff's and the Class Members' personal and private information from hackers. On April 10, 2024, Plaintiff amended his complaint to address certain issues raised by Defendant in its Motion to Dismiss. On April 20, 2024, Defendant removed the case to this Court. Defendant did

4

not support its notice of removal with evidence. Instead, it quoted allegations from two related matters filed in federal court that generally allege damages exceed $5,000,000.

## **LEGAL STANDARD**

CAFA gives "federal courts jurisdiction over certain class actions, defined in 28 U.S.C. § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). CAFA provides for removal to federal court of putative class actions that satisfy those requirements. *See generally* 28 U.S.C. § 1453. A plaintiff may seek remand of a removed case based on a jurisdictional or procedural defect. *See* 28 U.S.C. § 1447(c). Under CAFA or otherwise, a federal district court must remand to the state court any case removed improvidently or without the necessary jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

When a plaintiff disputes the allegations in a defendant's notice of removal, remand is required unless the district court finds "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dudley*, 778 F.3d at 913 (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)); *see also* 28 U.S.C. § 1446(c)(2)(B). Defendant bears the burden of proving that the amount in controversy exceeds the $5 million jurisdictional threshold. *Dudley*, 778 F.3d at 913 ("We have repeatedly held that the removing

party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."); *see also Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001) (Defendant, as removing party, has burden of establishing subject matter jurisdiction). To determine whether the defendant has carried its burden, a court may consider evidence submitted by the removing defendant. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (citing *S. Fla. Wellness*, *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). However, the defendant must offer more than speculative inferences to satisfy its burden. *PHLD P'ship v. Arch Specialty Ins. Co.*, 565 F. Supp. 2d 1342, 1344 (S.D. Fla. 2008).

## ARGUMENT

### A. Defendant has not met its Burden

Despite having the burden to justify removal to federal court, Defendant has not produced any declarations, affidavits or other evidence to establish that the $5 million jurisdictional threshold is in controversy. Instead, Defendant attempts to rely on general allegations from two related matters filed in federal court. To address its glaring failure to submit evidence, Defendant – with no support – claims that Plaintiff here "borrowed" allegations from one of the other matters and, therefore, "adopted" those allegations which it can then impute to this case. Defendant cannot have it both ways. If this case

6

belongs in federal court, it must demonstrate that the amount in controversy exceeds $5,000,000.

A defendant needs more than speculative inferences to satisfy its burden. *See Lowery* 483 F.2d at 1215 (*citing Lindsey v. Ala. Tel. Co.* 576 F.2d 593, 595 (5th Cir. 1978)); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1328 (11th Cir. 2006) (requiring proof of basic CAFA requirements by a preponderance of the evidence). However, nothing in Defendant's Notice of Removal contains objectively reasonable information or support for how Defendant can show over $5 million in controversy. Accordingly, the case should be remanded.

## B. The Case Should Also be Remanded Given Defendant's Article III Challenge to the Court's Jurisdiction

"A federal court should remand to state court any case that has been improperly removed." *Mittenthal*, 472 F. Supp. 3d at 1217 (citing 28 U.S.C. § 1447(c)). Indeed, if a plaintiff is found to lack standing *at any point* in the case, the action must be remanded. *See Gonzalez v. TCR Sports Broad. Holding, LLP*, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1008 (9th Cir. 2001)("The standing defect renders Lee's claim against ANTEX non-justiciable in federal court . ..").

Accordingly, while Defendant was permitted to remove this case pursuant to this Court's original jurisdiction, the case must now be remanded for lack of jurisdiction as

Defendant has conceded in its Motion to Dismiss. This is the same conclusion reached

by Judge Altman in *Mittenthal*:

> This conclusion follows logically from the plain meaning of the words in the removal statute. *See* SCALIA & GARNER at 69 ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation."). The statute, after all, is pellucid that, if "at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). And, while standing may not be a component of this Court's *original jurisdiction*—and thus need not be pled in the removal notice—it most certainly is an element of the Court's *subject-matter jurisdiction*. As Judge Kozinski explained in *Lee*:

> Where the district court has "original jurisdiction" . . . the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded, need we address questions of standing and other aspects of "subject matter jurisdiction." *Compare* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have *original jurisdiction,* may be removed ...." (emphasis added)), *with id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction,* the case shall be remanded." (emphasis added)).

*Mittenthal*, 2020 U.S. Dist. LEXIS 123127 at *15. Similarly, in *Jenkins,* Judge Altonaga

found that remand was the appropriate course and held:

> With no concrete injury, and thus no standing, [defendant] has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

8

*Jenkins*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *6-7; *see also Avedyan*, 2020 U.S. Dist. LEXIS 221149, at *6.

Defendant bears the burden of establishing that Plaintiff has Article III standing to remain in federal court – which it has now disclaimed in its Motion to Dismiss. *See Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing.]"); *Jenkins*, No. 20-22677-CIV, 2020 U.S. Dist. LEXIS 147433, at *4-5 (""As the removing party, [defendant] has the burden of establishing federal jurisdiction — including [plaintiff's] standing."); *Avedyan*, 2020 U.S. Dist. LEXIS 221149, at *7 ("Defendant has failed to meet its burden to show that Plaintiffs have Article III standing and thus has failed to show that the Court has subject matter jurisdiction over this action.").  Having argued that this Court lacks jurisdiction, remand is therefore proper. *See Burns*, 31 F.3d at 1095 ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."); *Watkins v. IC Sys.*, No. C-98-1625-VRW, 1998 U.S. Dist. LEXIS 10486, at *1 (N.D. Cal. July 10, 1998) ("On October 30, 1997, the court remanded the action to state court because Sicher lacked Article III standing.").

Moreover, a plaintiff's choice to litigate in state court is entitled to respect, and there is "a strong presumption in favor of remand." *Schulke v. Orthopaedics*, No. 16 C

2563, 2016 WL 3059114, at *1 (N.D. Ill. May 31, 2016) (Durkin, J.); *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court.").

Pursuant to the above cited authority, which Defendant cannot reasonably dispute given the position it has taken in its Motion to Dismiss, this Court should remand the case.

## CONCLUSION

Based on the above, Defendant's attempt at removal should be rejected and this case should be remanded to state court.

**WHEREFORE**, Plaintiff Jason Kuhn respectfully requests an order granting the instant motion, and for such other relief deemed appropriate under the circumstances.

Dated: April 29, 2024

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

## <u>CERTIFICATE OF WORD COUNT</u>

In accordance with L.R. 7.1(F), the undersigned certifies that the foregoing memorandum does not exceed 8,000 words, not including the case style, signature block, and certificates, this memorandum contains 2,317 words.

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

## <u>MEET AND CONFER CERTIFICATE</u>

In accordance with L.R. 7.1(B) and (C), the undersigned certifies that, before filing the foregoing motion, the moving party attempted in good faith to resolve the issue with the attorney for the opposing party, but was unable to reach an agreement.

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*